NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff - Appellant,

v.

COVIUS SERVICES, LLC,

Defendant - Appellee.

No. 25-2118

D.C. No. 2:23-cv-00186-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted June 8, 2026
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and TUNG, Circuit Judges.

Plaintiff-Appellant Equal Employment Opportunity Commission (EEOC)

appeals from the district court's mid-trial dismissal of its claim against Defendant-

Appellee Covius Services (Covius) for violations of Title I of the Americans with

Disabilities Act (ADA).  The EEOC construes the court's dismissal as a judgment

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

as a matter of law under Federal Rule of Civil Procedure 50(a). Covius does not contest that construction. Judgment as a matter of law is appropriate where the "evidence permits a reasonable jury to reach only one conclusion," and is reviewed de novo. *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 734 (9th Cir. 2025) (citation omitted).

The district court's dismissal reversed its prior evidentiary ruling. In a pretrial order on January 10, 2025, the court had admitted, under the residual hearsay exception of Federal Rule of Evidence 807, a critical email sent by Haleigh Richardson, an Aerotek recruiter, to Kelli Ebert, an Aerotek client, after Covius declined to hire Ebert. During a hearing almost two weeks later, on January 23, the court reversed course and ruled that the email was not admissible. The court then dismissed the case, reasoning that, in the absence of the email, the EEOC had "not established even a prima facie case of ADA violation."

"We review de novo the [district] court's interpretation of the hearsay rule, but review the court's admission of evidence for abuse of discretion." *United States v. Town of Colorado City*, 935 F.3d 804, 807 (9th Cir. 2019) (citing *United States v. Morales*, 720 F.3d 1194, 1199 (9th Cir. 2013)). "A district court abuses its discretion by basing its decision on clearly erroneous factual findings or by applying an incorrect legal standard." *Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369, 1378 (9th Cir. 1989) (citation omitted); *see also First Amend.*

*Coal. v. United States Dep't of Just.*, 878 F.3d 1119, 1126 (9th Cir. 2017). "A finding of fact is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Smith v. Helzer*, 95 F.4th 1207, 1214 (9th Cir. 2024) (internal quotations and citations omitted).

The district court's reversal of its prior evidentiary ruling rested on two clearly erroneous mischaracterizations of trial testimony. First, the court discounted what Richardson wrote in her email to Ebert, stating during the January 23 hearing that "Haleigh Richardson has no idea where she got this information and that she put it in there." That statement is unsupported by the record. Richardson testified at trial that she received the information from one of two Aerotek account managers, either Brittany Ostrander or Madelyn Gerety. Richardson did not recall which of the two had conveyed the information, but she was sure that it came from one of them. The information had been conveyed nearly five years before trial, and the record shows that Ostrander had taken over Gerety's role at about that time. Covius suggests to us that Richardson indicated that the feedback might have been relayed by a third individual, but this is misleading. In her testimony, Richardson only named two individuals—Ostrander and Gerety—who could have relayed the feedback. Richardson appears to have been misled by Covius's counsel into agreeing during cross examination that one

3                                                      25-2118

of three individuals had relayed the feedback.

Second, the district court stated that Richardson admitted that she wrote to Ebert that Covius declined to hire her due to her migraines and medication usage in order to "soften the blow to Ms. Ebert." The court's clear implication is that Richardson made up this statement. Counsel for Covius said so explicitly, falsely claiming that Richardson admitted that she "may have just made it up to soften the blow to [Ebert]." Richardson had agreed on cross examination that she *included* the information about Covius's reason for not hiring Ebert in order to "soften the message . . . so [Ebert] wouldn't lose confidence." But Richardson immediately clarified on redirect that she had not made it up. Counsel for EEOC asked her, "Just on that last question [during cross examination], was it that you manufactured that statement or was that the statement you heard?" Richardson replied, "That was the statement I heard."

Because the district court's reversal of its own application of Rule 807 rested on two clear errors, the district court abused its discretion in finding Richardson's email inadmissible under Rule 807. We reverse on that basis, and therefore do not address the EEOC's argument that the email was admissible under Rule 803 as well.

Had the district court not reversed course as to the admissibility of the email, the evidence presented at trial would have permitted a reasonable jury to return a

verdict for the EEOC. *Cf. Hartzell*, 130 F.4th at 734. We therefore vacate the district court's grant of judgment as a matter of law, and remand for further proceedings consistent with this memorandum disposition. We do not reach the EEOC's additional argument that a reasonable jury could have found in its favor even without the email admitted as evidence.

**REVERSED** and **REMANDED.**